IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dea'Shawn Harrison, | ) | Case No. 9:23-cv-2745-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Alan Wilson, the State of South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 9) recommending that the Court dismiss Plaintiff's complaint without prejudice, without leave to amend, and without service of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint without prejudice, without leave to amend, and without service of process.

I.   **Background and Relevant Facts**

Plaintiff is a pretrial detainee at the Berkeley County Detention Center proceeding *pro se*. Plaintiff brings claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendant Alan Wilson, a state prosecutor. It appears Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights. (Dkt. No. 9 at 2).

On August 3, 2023, the Court issued a Proper Form Order, (Dkt. No. 3), directing Plaintiff to provide certain documents to bring his case into proper form. Plaintiff provided some but not all the documents needed to bring the case into proper form. (Dkt. No. 9 at 1, 10) (noting Plaintiff has not completed a summons form, a USM-285 form, or paid the filing fee or, if he is indigent, a completed Form AO-240).

On January 8, 2024, the Magistrate Judge issued an R&R recommending that the complaint be dismissed without prejudice and without service of process. (Dkt. No. 9).

Plaintiff filed objections to the R&R. (Dkt. No. 11).

## II.     Legal Standards

### a.  *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b.  Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the Court reviews the R&R de novo.

### III. Discussion

After a de novo review of the record, including Plaintiff's complaint, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed without prejudice and without service of process as it fails to state a claim for the reasons articulated in the R&R. (Dkt. No. 9 at 4-11) (noting, *inter alia*, that Plaintiff's claim for monetary damages for his detention related to robbery conviction and/or parole revocation is barred by *Heck*, that Defendant Wilson must be dismissed due to prosecutorial immunity, that Plaintiff's UCC and "sovereign citizen" claims are frivolous, and that, to the extent Plaintiff attempts to bring state law claims, complete diversity is lacking).

The Court has further reviewed Plaintiff's objections and overrules them. (Dkt. No. 11). Plaintiff provides no case law disputing *Heck* bars his claims or that Wilson is entitled to prosecutorial immunity. Additionally, Plaintiff repeats frivolous sovereign citizen arguments. (*Id.* at 2-4) ("Due to the fact I had exclusively reserved my rights under common laws U.C.C. 1-308 where a remedy and recourse was offered yet had been over-looked, means my due process rights have been denied."); *Mitchell v. Vesely*, No. 5:17-CV-325-OC-30PRL, 2017 WL 11049094, *1 (M.D. Fla. Aug. 23, 2017) ("While Plaintiff does not state that he is a 'sovereign citizen,' his arguments are similar to the 'sovereign citizen' arguments that courts have routinely rejected as frivolous.").

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 9) as the order of Court and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**AND IT IS SO ORDERED.**

-4-

                                            <u>s/ Richard Mark Gergel</u>
                                            United States District Judge

January 25, 2024
Charleston, South Carolina